Slip Op. 10-135

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>                                Plaintiff,<br><br>      v.<br><br>UNITED STATES,<br><br>                               Defendant. | Before:  Leo M. Gordon, Judge<br><br>Court No. 06-00217 |

### OPINION

[Defendant's motion for summary judgment granted; Plaintiff's cross-motion for summary judgment denied.]

Dated: December 16, 2010

Katten Muchin Rosenman, LLP (Bruce J. Casino); Office of General Counsel, Ford Motor Company (Paulsen K. Vandevert) for Plaintiff Ford Motor Company.

Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Tara K. Hogan, Trial Attorney); and Office of Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, U.S. Department of Homeland Security (Richard McManus), of counsel, for Defendant United States.

Gordon, Judge:  Plaintiff, Ford Motor Company ("Ford"), challenges a decision of the United States Customs and Border Protection ("Customs") denying Ford's protest of Customs' refusal to refund harbor maintenance taxes ("HMT") Ford allegedly paid.  The court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (2006).[1]  The court has already granted partial summary judgment for Defendant, sustaining Customs' denial of Ford's protest for the refund of alleged pre-July 1, 1990 HMT export payments.  Ford Motor

---

[1] Further citations to Title 28 of the United States Code are to the 2006 edition.

Co. v. United States, No. 06-00217 (CIT Jan. 27, 2010), ECF No. 66 ("Jan. 27, 2010

Order"); see also Chrysler Corp. v. United States, 592 F.3d 1330 (Fed. Cir. 2010)

("Chrysler") (sustaining Customs' denial of a refund request for HMT allegedly paid on

exports prior to July 1, 1990).   Before the court are cross-motions for summary

judgment for Ford's remaining claims for refunds of alleged post-July 1, 1990 HMT

export payments.   For the reasons set forth below, the court grants summary judgment

for Defendant.

### Background

Familiarity with the HMT, 26 U.S.C. §§ 4461, 4462, and Customs' HMT refund

regulation, 19 C.F.R. § 24.24(e)(4)(iv), is presumed.   See generally Chrysler, 592 F.3d

1330, 1332-36 (Fed. Cir. 2010) (explaining history of HMT, HMT court decisions, and

Customs' HMT refund regulation).   The HMT refund regulation carries the force of law

and is binding on the court.   Id. at 1335-36.   It provides that for alleged HMT export

payments made on or after July 1, 1990, if Customs' records and the corresponding

Harbor Maintenance Tax Payment Report ("HMT Payment Report") do not reflect either

a paper or electronic record of the alleged payments, then the claimant must

substantiate its refund request with "supporting documentation" to verify proof of

payment.   19 C.F.R. § 24.24(e)(4)(iv)(C).   Among the supporting documentation

necessary to establish entitlement to a refund is a "copy of the Export Vessel Movement

Summary Sheet" that "Customs accepted with the payment at the time it was made."

Id. (emphasis added).   In this action Ford has not challenged the validity of the

Customs' HMT refund regulation, but instead seeks to prove its compliance with

Customs' HMT refund regulation as an evidentiary matter.  See Pl.'s Second Cross-Mot.

for Summ. J. at 7 ("Ford fully complied with the express conditions of the regulation."),

Ford Motor Co. v. United States, No. 06-00217 (CIT Sept. 3, 2010), ECF No. 78.

### Standard of Review

The Court of International Trade reviews Customs' protest decisions de novo.  28

U.S.C. § 2640(a)(1).   Customs' protest decisions enjoy a statutory presumption of

correctness, 28 U.S.C. § 2639(a)(1), which allocates to plaintiff the burden of proof on

contested factual issues arising from the protest.  See Universal Elecs., Inc. v. United

States, 112 F.3d 488, 492 (Fed. Cir. 1997).   Applied to this action, where plaintiff is

attempting to establish its compliance with Customs' HMT refund regulation as an

evidentiary (or factual) matter, the applicable statutory standards place on Ford the

burden of establishing by a preponderance that it has complied with Customs' HMT

refund regulation.  Rule 56 of this Court, in turn, permits summary judgment when "there

is no genuine issue as to any material fact . . . ." USCIT R. 56(c); see also Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Additionally, where a party fails to make

a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial, summary judgment is

mandated against that party. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### Discussion

Ford's HMT refund request involves alleged payments made after July 1, 1990,

but for which there are no paper or electronic records reflected in Customs' HMT

Payment Report.    Under such circumstances Ford must produce "supporting

documentation" to verify its alleged payments.  19 C.F.R. § 24.24(e)(4)(iv)(C).  As noted

above, "supporting documentation" includes, among other things, a copy of the Export

Vessel Summary Sheet that Customs <u>accepted</u> with the alleged HMT payment at the

time it was made.  <u>Id.</u>

      Ford relies upon twenty Export Vessel Summary Sheets as its "supporting

documentation" to substantiate its claimed HMT refund.[2]  Missing from the record before

the court, however, is any evidentiary proffer from Ford that the Export Vessel Summary

Sheets were "accepted" by Customs at the time of Ford's alleged HMT payments,

leaving unfulfilled a regulatory requirement that Ford had to prove that it satisfied by a

preponderance of the record evidence.  The record lacks evidence that Ford's Export

Vessel Summary Sheets were ever mailed, transmitted, or delivered to, and ultimately

accepted by, Customs at the time of Ford's alleged HMT payments.  <u>Compare</u> Appendix

to Def.'s Second Mot. for Summ. J. at 13-43, <u>Ford Motor Co. v. United States</u>, No. 06-

00217 (CIT July 1, 2010), ECF No. 74-3, and Appendix A to Pl.'s Second Cross-Mot. for

---

[2] Ford's protest underlying this action covers, among other things, the twenty Export
Vessel Summary Sheets.  Ford, however, only referenced nine of them in its summons
and complaint, waiting four and a half years into the litigation to raise the other eleven in
its cross-motion for partial summary judgment.  Defendant has moved to dismiss for
lack of jurisdiction the court's consideration of these eleven Export Vessel Summary
Sheets.  It is undisputed, though, that Ford's protest covered the eleven Export Vessel
Summary Sheets.  The court, therefore, has jurisdiction to review Ford's HMT refund
claims with respect to them.  <u>See</u> <u>Pollack Import-Export Corp. v. United States</u>, 52 F.3d
303, 307-308 (Fed. Cir. 1995) (holding that failure to list in summons each individual
entry covered by protest was not jurisdictional).  Alternatively, the court does not reach
the question of whether Ford waived its right to pursue them by waiting so long to raise
the issue because, as explained within the opinion, Ford failed make a required
evidentiary proffer demonstrating compliance with the HMT refund regulation for all
twenty of Ford's Export Vessel Summary Sheets.

Partial Summ. J., <u>Ford Motor Co. v. United States</u>, No. 06-00217 (CIT Sept. 3, 2010), ECF No. 78 (containing internal Ford documents with no evidence of transmission, submission, or filing with Customs) <u>with</u> Appendix K (Stec Declaration and Attachments) to Pl's. First Mot. for Partial Summ. J., <u>Ford Motor Co. v. United States</u>, No. 06-00217 (CIT May 5, 2009), ECF No. 53 (containing pre-July 1, 1990 Export Vessel Summary Sheet, Declaration of Ford signatory attesting to filing with Customs) and Joint Status Report, <u>Ford Motor Co. v. United States</u>, No. 06-00217 (CIT April 7, 2010) ECF No. 71 ("The parties have concluded that this is the type of supporting documentation that would support a claim but that this particular payment was refunded to Ford during a prior administrative refund process.").  Ford has therefore failed to make a showing sufficient to establish the existence of an element essential to Ford's case, and on which Ford bears the burden of proof at trial, mandating entry of summary judgment against Ford.  <u>See</u> <u>Celotex</u>, 477 U.S. 322.  Judgment will be entered accordingly.


                                                              <u>/s/ Leo M. Gordon</u>
                                                              Judge Leo M. Gordon


Dated:   December 16, 2010
             New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

FORD MOTOR COMPANY,

                Plaintiff,

       v.

DEFENDANT,

                Defendant.

Before: Leo M. Gordon, Judge

Court No. 06-00217

### JUDGMENT

This case having been submitted for decision, and the court, after due deliberation, having rendered an opinion; now in conformity with that decision, it is hereby

**ORDERED** that Plaintiff's motions for summary judgment is denied; it is further

**ORDERED** that Defendant's cross-motions for summary judgment are granted; and it is further

**ORDERED** that judgment is entered for Defendant.


                        _____/s/ Leo M. Gordon_____
                           Judge Leo M. Gordon

Dated:      December 16, 2010
             New York, New York